IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

|  |  |  |
|---|---|---|
| TENNESSEE CLEAN WATER NETWORK and TENNESSEE SCENIC RIVERS ASSOCIATION, | ) ) ) ) ) | No. 3:15-cv-00424 |
| Plaintiffs, | ) ) | Judge Haynes |
| v. | ) ) ) | Magistrate Judge Holmes |
| TENNESSEE VALLEY AUTHORITY, | ) ) | |
| Defendant. | ) | |

## CONSERVATION GROUPS' SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT TENNESSEE VALLEY AUTHORITY'S MOTION TO DISMISS

Tennessee Clean Water Network and Tennessee Scenic Rivers Association ("Conservation Groups") hereby submit an order entered on October 20, 2015, by the United States District Court for the Middle District of North Carolina in *Yadkin Riverkeeper, Inc. and Waterkeeper Alliance, Inc. v. Duke Energy Carolinas, LLC,* denying a motion to dismiss by Duke Energy filed on similar grounds as TVA's current Motion to Dismiss. *See* Declaration of Elizabeth A. Alexander (Alexander Decl.), Exhibit 1, filed herewith. The Court should deny TVA's Motion for many of the same reasons the Middle District of North Carolina denied Duke's motion.

In *Yadkin Riverkeeper*, Duke moved for dismissal of a citizens' enforcement action under the Clean Water Act. In that case, like this case, citzens alleged that the defendant was in violation of its NPDES permit and had thus violated the Clean Water Act by unlawfully seeping coal ash contaminants into groundwater and surface water. Duke argued that dismissal of the citizens' enforcement action was warranted because there was a pending state enforcement

1

action by the North Carolina Department of Environment and Natural Resources ("DENR"), alleging similar claims.

The Court denied Duke's motion to dismiss because the state enforcement action was not being diligently prosecuted. It found that "on a review of the state court docket sheet, DENR appears to have done little, if anything, to move the case forward. It had not taken depositions, it had not filed motions, and an initial case management order was not yet in place, one year into litigation." *See* Alexander Decl., Ex. 1 at 15. Thus, the Middle District of North Carolina concluded, "The Court is unable to find that DENR was trying diligently or that its state enforcement action was calculated, in good faith, to require compliance with the Act. Accordingly, DENR's state enforcement action does not bar the Riverkeepers from pursuing their Seep Claim and Hydrological Connection Claim in this citizens' suit." *Id.* at 16.

The same is true here. TDEC's enforcement action was filed over nine months ago, on January 7, 2015. TVA filed its Motion to Dismiss this citizens' enforcement action over five months ago, on June 15, 2015. Since the State filed its enforcement action, it has taken no depositions, filed no motions, and has refused to seek an initial case management order and trial date even though the Conservation Groups requested months ago that the State do so. *See* Dkt. Nos. 18-3 and 18-4. To date, the State has still not taken any steps whatsoever to further its enforcement action.

Like TVA, Duke Energy also alternatively proposed that if the Federal Court declined to dismiss the citizens' enforcement action, it should instead stay the citizens' action to permit the state enforcement action to proceed. The Middle District of North Carolina also denied this request. *See* Alexander Decl., Ex. 1 at 27-36. The Court reasoned, "Duke Energy has cited no case where a court has applied the primary jurisdiction doctrine to stay a case so that a different

2

court could resolve the matter instead, and the Court finds no such case. Moreover, Duke Energy has not explained why the state court would be more competent than this Court to decide issues purportedly requiring DENR's expertise. The Court thus declines to stay proceedings pending resolution of the state court suit under the primary jurisdiction doctrine." *Id.* at 30-31.[1]

The *Yadkin Riverkeeper* Court also rejected Duke's argument that it should issue a stay of the citizens' enforcement action under its "inherent power to stay proceedings." *See* Alexander Decl., Ex. 1, at 32. The Middle District of North Carolina noted that, "A stay would allow Duke Energy's allege violation to persist, resulting in the further alleged discharge of pollutants into the Yadkin River, High Rock Lake, and their tributaries." *Id.* at 33 (citing *Hawaii Wildlife Fund v. City of Maui*, 24 F. Supp. 3d 980, 991 (D. Haw. 2014) as recognizing that "'further delay' in a Clean Water Act citizen suit would 'result in the continued alleged discharge of pollutants into the ocean.'"). The Court went on to conclude that, "The coal ash wastes in the lagoons allegedly contain numerous toxic substances—including chromium, arsenic, lead, aluminum, boron, iron, sulfate, and manganese—that are harmful to human health and the environment. A stay thus has

---

[1] In reaching this conclusion, the *Yadkin Riverkeeper* Court relied on this Court's recent decision in *Public Employees for Environmental Responsibility v. Gipson Co.*, No. 3-15-0020, 2015 WL 4663173, at *3 (M.D. Tenn. Aug. 6, 2015) (Sharp, J.), "refusing to stay a CWA citizen enforcement action under the primary jurisdiction doctrine because 'determining whether Defendants have violated the terms of their permits or are releasing pollutants into a body of water in violation of the CWA…are exactly the types of things that Congress have determined federal courts competent to decide.'" *See* Alexander Decl., Ex. 1 at 30, n. 13. Conservation Groups filed a Notice of Supplemental Authority on August 19, 2015, asking the Court to consider the *Public Employees* decision in ruling on TVA's Motion to Dismiss. (Dkt. No. 25). TVA opposed the Conservation Groups' request on grounds that *Public Employees* was decided under *Burford* abstention and the primary jurisdiction doctrine rather than under *Colorado River* abstention, under which TVA has moved for a stay. (Dkt. No. 26). The reasoning of both *Public Employees* and the *Yadkin Riverkeeper*, however, apply under whichever doctrine TVA has argued. All of these doctrines essentially address the same issue: should federal courts defer considering a claim while a state proceeding addressing a similar matter is proceeding.

the potential to substantially harm the environment and the individuals who live near the Buck plant and draw their daily supply of water from allegedly contaminated wells." *Id*. at 33-34.

The risk of continued contamination likewise weighs against a stay of the Conservation Groups' suit against TVA. Recent test results confirm that contamination is serious, ongoing, and could harm the environment and people who live near the Gallatin Plant and whose drinking water is drawn nearby. For instance, at the Conservation Groups' formal request on July 23, 2015, TDEC tested a handfull private drinking water wells in the vicinity of the Gallatin Plant for evidence of coal ash contamination. *See* Alexander Decl., Ex. 2. On October 8, 2015, the State of Tennessee informed counsel for the Conservation Groups that August 4, 2015, sampling at two of three private drinking water wells near the Gallatin Plant and at the City of Gallatin's drinking water intake confirmed that Boron and Hexavalent Chromium was present in the water. *See* Alexander Decl., Ex. 3. At two private drinking water wells, Boron and Hexavalent Chromium were found "above the levels we normally see in groundwater" and Hexavalent Chromium was found above the EPA Risk-Based Screening Level. *Id.* at Ex. 3. Hexavalent Chromium at the City of Gallatin water intake, approximately one mile downstream from TVA's Gallatin Plant, was also detected above the EPA Risk-Based Screening Level. *Id.*

In addition, Conservation Groups had a sediment sample taken from the bottom of Old Hickory Lake near the Gallatin Plant's coal ash disposal ponds tested microscopically. The tests confirmed that the material tested from the river bottom is "approximately 30% to 50% fly ash (by volume) and 50% to 70% bed ash." Alexander Dec., ¶ 5, Ex. 4 at p. 2 of 8. These results confirm that coal ash TVA produced at the Gallatin Plant has not been contained in the disposal areas, and is now lying on the bottom of the Cumberland River and Old Hickory Lake. A map

4

showing the approximate location of the sediment sample that was the subject of the microscopic test is attached to the Declaration of Elizabeth A. Alexander, filed herewith, at Ex. 5.

Finally, the parties have recently conducted tests of the groundwater monitoring wells at the Gallatin Plant, which detected significant contamination by pollutants including Arsenic, Strontium, Zinc, Iron, Lead, Copper, Chromium, and Sulfate were found in the groundwater. *See* Alexander Decl., ¶ 7. The risk of continued contamination weighs against a stay of this action.

For the reasons set forth above and in the Conservation Groups' Memorandum in Opposition (Dkt. No. 19), the Conservation Groups respectfully request that TVA's Motion to Dismiss be denied in its entirety.

Respectfully submitted on this 23rd day of October, 2015.

    *s/ Elizabeth A. Alexander*
Delta Anne Davis, BPR No. 010211
Elizabeth A. Alexander, BPR No. 19273
Anne E. Passino, BPR No. 027456
SOUTHERN ENVIRONMENTAL LAW CENTER
2 Victory Avenue, Suite 500
Nashville, TN 37213
Telephone: (615) 921-9470
Facsimile: (615) 921-8011
adavis@selctn.org
balexander@selctn.org
apassino@selctn.org

Frank S. Holleman, III, pro hac vice
SOUTHERN ENVIRONMENTAL LAW CENTER
601 West Rosemary Street
Suite 220
Chapel Hill, NC 27516-2356
Telephone: (919) 967-1450
fholleman@selcnc.org

*Attorneys for Tennessee Scenic Rivers Association*

Stephanie Ann Durman, BPR No. 027783
TENNESSEE CLEAN WATER NETWORK
P.O. Box 1521
Knoxville, TN  37901
Telephone: (865) 522-7007
stephanie@tcwn.org

*Attorney for Tennessee Clean Water Network*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Supplemental Authority in Opposition to Motion to Dismiss was filed electronically the Court's Electronic Filing System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Dated: October 23, 2015

 _s/ Elizabeth A. Alexander_
ELIZABETH A. ALEXANDER