# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CLEAN WATER NETWORK and TENNESSEE SCENIC RIVERS ASSOCIATION, | No. 3:15-cv-00424 |
| Plaintiffs, | Chief Judge Waverly Crenshaw |
| v. | |
| TENNESSEE VALLEY AUTHORITY, | |
| Defendant. | |

## JOINT STATUS REPORT

On April 2, 2019, the Court ordered the parties to submit a joint status report by April 8, 2019 "concerning whether there are any issues that remain to be addressed (excluding the Bill of Costs) before the Court vacates the injunctive relief originally granted and issues judgment in favor of Defendant." (Doc. No. 336).

## CONSERVATION GROUPS' POSITION

Tennessee Scenic Rivers Association and Tennessee Clean Water Network (Conservation Groups) respectfully submit that, excluding the Bill of Costs, the following issues warrant further consideration before the Court takes further action in this case:

Pursuant to Federal Rule of Civil Procedure Rule 54 and 33 U.S.C. § 1365(d), this Court has discretion to determine the appropriate time for filing any motions for attorneys' fees and nontaxable expenses. On October 3, 2017, this Court entered an Order deferring Conservation Groups' motion for attorneys' fees "until after liability is finally decided." (Doc. 283). This Court denied "without prejudice to refiling within fourteen days of the Sixth Circuit's mandate" Conservation Groups' motion for attorneys' fees. (Doc. 283).

The Sixth Circuit's mandate issued on February 1, 2019. (Doc. 318.) Neither Conservation Groups nor the Tennessee Valley Authority (TVA) filed a motion for attorneys' fees within fourteen days of the Sixth Circuit's mandate. It is Conservation Groups' position that any motion by TVA for attorneys' fees after the Sixth Circuit's mandate is time-barred by the Court's previous order (Doc. 283), and, in any case, the split decisions of the Sixth Circuit and the dissent from denial of rehearing en banc in this case foreclose any argument by TVA that it would be entitled to attorneys' fees under 33 U.S.C. § 1365(d).

In addition, because liability in this case has not yet been finally resolved, Conservation Groups submit that prior to or in the course of entering judgment, this Court should address the appropriate time for filing an attorneys' fee motion. The time for filing a petition for a writ of certiorari from the Sixth Circuit's judgment in this case has not expired. At this time, Conservation Groups intend to seek review. In addition, the related state enforcement action remains pending. Depending on the outcome of these matters, Conservation Groups intend to renew their motion for attorneys' fees in this case. Accordingly, consistent with Conservation Groups' position with respect to TVA's Bill of Costs (Doc. No. 328), and this Court's prior Order (Doc. 283), Conservation Groups submit that the appropriate time for resolving the allocation of attorneys' fees in this case is after liability is finally decided.[1]

---

[1] Conservation Groups understand that it is TVA's position that a discovery dispute may also be submitted to this Court. In March 2019—nearly three years after the close of discovery in this case—TVA requested reimbursement from Conservation Groups for costs incurred by TVA associated with three of the depositions taken by Conservation Groups. If the parties cannot come to an agreement concerning TVA's request, Conservation Groups understand that TVA plans to seek relief from this Court.

## TVA'S POSITION

It is TVA's position that there are no remaining issues (save the Bill of Costs and a potential discovery issue concerning expert deposition costs) to be addressed by this Court. Because the Sixth Circuit's reversal of this Court's judgment makes that judgment a nullity, the only matters that this Court may undertake as within the scope of the mandate are the ministerial formalities of vacating the injunction, dismissing the complaint with prejudice, and entering judgment for TVA.

A judgment of a lower court that is "reversed" by a superior court is "without any validity, force, or effect, and ought never to have existed." *Butler v. Eaton*, 141 U.S. 240, 244 (1891) (where judgment of state supreme court was reversed by United States Supreme Court and was the sole basis on which debtor relied to recover money paid for capital stock, the entire foundation of subsequent suit was void such that Supreme Court could remand to lower court with directions that judgment be entered for creditor). *See also Murexco Petroleum, Inc. v. Yaquionto*, 15 F.3d 60, 64 n.11 (5th Cir. 1994) ("As the bankruptcy court judgment has been reversed, it is void."); *Universal Underwriters Ins. Co. v. McMahon Chevrolet-Oldsmobile, Inc.*, 866 F.2d 1060, 1063 (8th Cir. 1989) ("[T]his court's reversal of [decision relied upon by district court] effectively annulled the district court's decision *in toto*"); *Atl. Coast Line R.R. Co. v. St. Joe Paper Co.*, 216 F.2d 832, 833-34 (5th Cir. 1954) ("To reverse a judgment, according to Webster's dictionary, means to overthrow it by a contrary decision, to make it void, to undo or annul it for error."); *Thompkins v. Berghuis*, No. 05-70188, 2011 WL 835927, at *2 (E.D. Mich. Mar. 8, 2011) (observing that any defect in court's previous evidentiary rulings was "irrelevant, as this Court's initial judgment no longer exists by reason of the Sixth Circuit's reversal"); *Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 721 (E.D. Mich. 2006) (where judgment

granting habeas relief was reversed by the court of appeals district court was powerless to grant any relief based on that judgment because it "no longer exist[ed]"); *accord Watt v. United States*, 162 F. App'x 486, 503 n.6 (6th Cir. 2006). Thus, this Court's previous judgment and injunctive relief order are void and without effect.

      This is essentially the end of the matter because the Sixth Circuit's mandate consisted simply of a REVERSAL. "A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed." Fed. R. App. P. 41 Advisory Committee's Note (1998). "A district court loses jurisdiction to vacate or alter its judgment pending appeal but, upon issuance of the mandate, regains jurisdiction of the case to act consistent with the mandate." *Brinkman v. Dep't of Corr. of State of Kan.*, 857 F. Supp. 775, 776 (D. Kan. 1994) (internal citations omitted); *see also Ventas, Inc. v. HCP, Inc.*, No. 3:07-CV-238-H, 2011 WL 3678819, at *2 (W.D. Ky. Aug. 22, 2011) (observing that the judgment of the Court of Appeals supersedes the judgment of the district court). Thereafter, any such action taken by the district court must be within the scope of the appellate mandate because the district court is "without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir. 1999).

      The mere possibility that the Supreme Court might reverse the Sixth Circuit's mandate does not expand this Court's powers. For the same reason that this Court's judgment is now "without force" under the mandate rule, the only judgment subject to review by the Supreme Court is the Sixth Circuit's opinion. Until such time as the Sixth Circuit's judgment is affirmed

or reversed by the Supreme Court, that judgment "is entitled to a presumption of validity," *Graves v. Brown*, 405 U.S. 1201, 1203 (1971), which this Court is without power to undermine.[2]

Discerning the scope of the appellate mandate entails examining both the judgment and the opinion of the appellate court. *Exxon Chem. Patents Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1483 (Fed. Cir. 1998); Fed. R. App. P. 41(a) ("[The] mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs."). "[E]very appellate judgment vests jurisdiction in the district court to carry out some further proceedings. . . . those further proceedings may be purely ministerial, *as when a judgment for the plaintiff is reversed and the only matters that remain for the district court are to dismiss the complaint and enter the judgment in the docket*. . . . the nature of the district court's remaining tasks is discerned not simply from the language of the judgment, but from the judgment in combination with the accompanying opinion." *Exxon Chem.*, 137 F.3d at 1483 (emphasis added).

In its opinion, the Sixth Circuit reversed this Court's finding that TVA was in violation of the Clean Water Act because "the hydrological connection theory is not a valid theory of liability." *Tenn. Clean Water Network v. TVA*, 905 F.3d 436, 442-43 (6th Cir. 2018). The Sixth Circuit based its rejection of the hydrological connection theory on both statutory text and statutory context. The Sixth Circuit also rejected this Court's other basis for finding Clean Water Act liability, namely alleged violations of the removed substances and sanitary sewer provisions of Gallatin's NDPES permit. *Id*. at 446. The Sixth Circuit concluded its opinion by undoing this

---

[2] "Except in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief was first sought in the appropriate court or courts below." U.S. S. Ct. R. 23. Plaintiffs did not seek to stay the mandate of the Sixth Circuit within the appropriate deadline. See 6th Cir. R. 41(b) ("A motion to stay the mandate must be received in the clerk's office within 7 days after the time to file a petition for rehearing expires or seven days from entry of an order on petition for rehearing.").

Court's injunction: "Without CWA liability, the district court's injunction has no foundation. Its imposition was therefore an abuse of discretion." *Id.* at 447.

In conformity with its opinion, the Sixth Circuit entered Judgment and "ORDERED that the judgment of the district court imposing Clean Water Act liability on the Tennessee Valley Authority is REVERSED." (Doc. 315.) The Sixth Circuit's mandate (Doc. 318), that is, its opinion and judgment taken together, Fed. R. App. 41(a), addressed all bases for Clean Water Act liability and reversed this Court's conclusions on each. It also rendered the injunctive relief imposed by this Court a nullity because it no longer rested on any valid legal foundation.[3]

Therefore, other than taxation of costs and deciding any other motion related to fees,[4] the only things this Court may do that would be within the scope of the Sixth Circuit's mandate would be to perform the ministerial acts of (1) vacating its injunction order; (2) dismissing the complaint with prejudice; and (3) entering the judgment in favor of TVA.

All signatories consent to the filing of this document.

Respectfully submitted,

| | |
|---|---|
| s/ Michael S. Kelley | s/ Amanda Garcia |
| Michael S. Kelley (BPR No. 014378) | Anne E. Passino, BPR No. 027456 |
| Kennerly, Montgomery & Finley, P.C. | Amanda Garcia, BPR No. 033773 |
| 550 Main Street, Fourth Floor | Southern Environmental Law Center |
| Knoxville, Tennessee 37902 | 1033 Demonbreun St. Ste 205 |
| Telephone: (865) 546-7311 | Nashville, TN 37203 |
| Facsimile: (865) 524-1773 | Telephone: (615) 921-9470 |
| mkelley@kmfpc.com | Facsimile: (615) 921-8011 |
| *Attorneys for Tennessee Clean Water Network* | apassino@selctn.org |
| | agarcia@selctn.org |

---

[3] Any decision in the Gallatin State Action would have no bearing on the entry of a judgment for TVA in this Federal Court. Throughout this case, Plaintiffs vehemently opposed consolidating the two cases, insisting they were distinct. They are. The State Action and this case are in separate court systems, with different judges and different claims. The State Action does not impact this Court's considerations.

[4] In addition to the Bill of Costs, the Parties also are working to resolve disagreements over reimbursement for expert deposition costs that may need to be adjudicated by this Court.

s/ David D. Ayliffe
David D. Ayliffe (BPR 024297)
Associate General Counsel
James S. Chase (BPR 020578)
Frances Regina Koho (BPR 029261)
Lane E. McCarty (BPR 028340)
Tennessee Valley Authority
Office of the General Counsel
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1402
Telephone  865.632.2396
lemccarty@tva.gov
*Attorneys for Tennessee Valley Authority*

Frank S. Holleman, III
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Telephone: (919) 967-1450
fholleman@selctn.org
*Attorneys for Tennessee Scenic Rivers Association*

## CERTIFICATE OF SERVICE

I hereby certify that the Joint Status Report was filed electronically on April 8, 2019 through the Court's Electronic Filing System. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| David D. Ayliffe<br>Tennessee Valley Authority<br>General Counsel's Office<br>400 W Summitt Hill Drive<br>Knoxville, TN 37919<br>(865) 632-8964<br>(865) 632-6718 (fax)<br>ddayliffe@tva.gov | Lane E. McCarty<br>Tennessee Valley Authority<br>General Counsel's Office<br>400 W Summitt Hill Drive<br>Knoxville, TN 37919<br>(865) 632-2396<br>(865) 632-6718 (fax)<br>lemccarty@tva.gov |
| James S. Chase<br>Tennessee Valley Authority<br>General Counsel's Office<br>400 W Summitt Hill Drive<br>Knoxville, TN 37919<br>(865) 632-4239<br>(865) 632-3195 (fax)<br>jschase@tva.gov | Frances Regina Koho<br>Tennessee Valley Authority<br>General Counsel's Office<br>400 W Summitt Hill Drive<br>Knoxville, TN 37919<br>(865) 632-2396<br>(865) 632-6718 (fax)<br>frkoho@tva.gov |

*Counsel for Tennessee Valley Authority*

/s Amanda Garcia
AMANDA GARCIA