# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TENNESSEE CLEAN WATER NETWORK, et al.,** ) ) ) | |
| Plaintiffs, ) ) | NO. 3:15-cv-00424 |
| v. ) ) | |
| **TENNESSEE VALLEY AUTHORITY,** ) ) | |
| Defendant. ) | |

## ORDER

On April 2, 2019, after succeeding in a split decision of the Court of Appeals for the Sixth Circuit, the Tennessee Valley Authority ("TVA") filed an Amended Bill of Costs requesting that it be awarded $75,041.73 in costs. (Doc. No. 335.) Shortly thereafter, the Court entered judgment in favor of TVA as instructed by the Court of Appeals. (Doc. No. 339.) Plaintiffs then (1) timely filed extensive Objections to the Amended Bill of Costs (Doc. No. 341); and (2) filed a petition for a writ of *certiorari* with the United States Supreme Court concerning the outcome of this case (Doc. No. 344). TVA has filed a lengthy response to the Objections. (Doc. No. 345.)

As a threshold matter, Plaintiffs ask the Court to delay its consideration of the Amended Bill of Costs until after the resolution of their appeal to the Supreme Court. (Doc. No. 341 at 1-2.) Under Federal Rule of Civil Procedure 54, costs "should be allowed to the prevailing party." But Rule 54 does not have a specific time requirement for Court action concerning costs; it vests the Court with "sound discretion." Wright & Miller, 10 FED. PRAC. & PROC. CIV. § 2668 (4th ed. Apr. 2019); see also Fed. R. Civ. P. 54(d)(1). The Court of Appeals for the Sixth Circuit does not appear to demand immediate resolution of contested fees or costs.

District courts within this and other circuits have stayed decisions on fees and costs until after appeals have been exhausted to avoid inefficient, piecemeal litigation. See, e.g., Wooten v. Virginia, Civil Action No. 6:14-cv-00013, 2017 WL 1208023, at *1 (W.D. Va. Mar. 1, 2017); Price v. Medicaid Dir., Office of Med. Assistance, Case No. 1:13-cv-74, 2016 WL 8201769, at *2 (S.D. Ohio Feb. 1, 2016); Mich. Bldg. and Cont. Trades Council, AFL-CIO v. Snyder, No. 11-13520, 2012 WL 1893516, at *2 (E.D. Mich. May 23, 2012); Gratz v. Bollinger, 353 F. Supp. 2d 929 (E.D. Mich. 2009). In Michigan Building and Construction Trades Council, for example, Judge Roberts delayed a ruling on fees and costs because the district judge in Gratz (an important case concerning racial preferences in undergraduate admissions) had "waited until after appeals to the Sixth Circuit *and the Supreme Court* were complete" to do the same. 2012 WL 1893516, at *2 (emphasis added).

Here, Plaintiffs have petitioned the Supreme Court to hear their appeal. Their request is pending. It would not be in the interests of judicial economy to award costs now, only to potentially have to substantially revisit the issue after Supreme Court litigation is complete. It also serves the interests of justice, because Plaintiffs are public interest organizations. Delaying a ruling on Amended Bill of Costs obviates the need for those groups to advance what is, for them, a significant sum, unless and until necessary and appropriate. TVA, on the other hand, has not established that it would in any way be prejudiced by a delay.

Accordingly, the Amended Bill of Costs (Doc. No. 335) is **DENIED WITHOUT PREJUDICE** as premature. Plaintiffs' Motion to File Reply Brief (Doc. No. 346) is therefore also **DENIED AS MOOT**. If appropriate, TVA may re-file the Amended Bill of Costs after (1) the denial of Plaintiffs' Supreme Court petition for *certiorari* or (2) the resolution of Plaintiff's

Supreme Court appeal. The parties **SHALL** file a status report within ten days of either of these events.

  IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE